THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00024-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALICIA SHAWNTELLE CROWDER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2)." [Doc. 59].

I. BACKGROUND

The Defendant Alicia Shawntelle Crowder was charged in a Bill of Indictment with one count of conspiracy to distribute and possess with intent to distribute quantities of numerous controlled substances, in violation of 21 U.S.C. §§ 841 and 846; one count of conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 841 and 846; two counts of possession with intent to distribute various controlled substances, in violation of 21 U.S.C. § 841; two counts of possession of multiple firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of

manufacturing marijuana, in violation of 21 U.S.C. § 841. [Doc. 1]. The Defendant pled guilty pursuant to a written plea agreement to the two conspiracy counts, and the remaining charges were dismissed. [Docs. 50, 52]. A Presentence Report was prepared in advance of sentencing, which determined a total offense level of 33, including a two-level increase due to the fact that the Defendant had possessed a dangerous weapon (namely, multiple firearms) in connection with the offense. [Doc. 59: PSR at ¶¶ 22, 26, 32, 66]. The probation office further determined that the Defendant had zero criminal history points, which established a criminal history category of I. [Id. at ¶¶ 81, 82]. That criminal history category, when combined with a total offense level of 33, resulted in a guideline range of 135 to 168 months' imprisonment. [Id. at ¶ 108]. On August 24, 2023, the Court departed from the advisory guideline range and sentenced the Defendant to a term of 66 months' imprisonment. [Doc. 64]. The Defendant did not appeal.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of her sentence. [Doc. 66].

II. **DISCUSSION**

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the Court's discretion. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

3

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors. U.S.S.G. § 4C1.1 (2023). One of the aggravating factors identified in the revised guideline is that the Defendant possessed a firearm or other dangerous weapon in connection with the offense. Id. § 4C1.1(a)(7). Here, the Defendant's offense of conviction clearly involved the possession of multiple firearms. As such, the Defendant does not meet the criteria for relief under Amendment 821. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that on the Defendant's "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. [§] 3582(c)(2)" [Doc. 59] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 19, 2024

Martin Reidinger
Chief United States District Judge